UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROSETTA IRONS, RICKEY NYE,                         CIVIL ACTION
WILLIAM WATTS, SYLVIA
VAN BUREN, ROSE THOMAS &
SHANNON THOMAS,
LYNELL CLARK AND
BRUNO & BRUNO, LLP

versus                                             No. 06-4225

US BANK, INC.                                      SECTION "C"

ORDER AND REASONS

Before this Court is a Motion to Remand filed by Plaintiffs, Rosetta Irons, Rickey Nye,

William Watts, Sylvia Van Buren, Rose Thomas and Shannon Thomas, Lynell Clark and Bruno

& Bruno, L.L.P. ("Plaintiffs") (Rec. Doc. 3).  Defendant, US Bank, Inc. ("US Bank" or

"Defendant"), opposes this motion.  The motion is before the court on briefs, without oral

argument.  Having considered the memoranda of counsel, the record, and the applicable law, the

Court finds that the Motion for to Remand is **GRANTED**.

**I. Background**

This case was originally filed in the Civil District Court for the Parish of Orleans, State

of Louisiana.  In their petition for concursus, plaintiffs allege that US Bank refuses to consent to

Bruno & Bruno, LLP's ("Bruno") plan for dispersal of certain insurance proceeds.

Each of the individual plaintiffs suffered damage to their homes during Hurricane Katrina and they all hired Bruno & Bruno, LLP (Bruno), a law firm, to help them recover from their insurance companies.  Bruno charged each of their clients a contingency of 25% of any recovery obtained.  All of Bruno's clients recovered from their insurance companies.  The amounts ranged from $1,500 to $27,456.53 for an aggregate recovery of $105,503.22.  The insurance companies then issued checks in the appropriate amounts.  These checks were made payable to the insured, US Bank and Bruno.  Upon receiving the checks, Bruno requested US Bank's permission to deposit the checks and disburse 25% to Bruno and 75% to the other plaintiffs and US Bank.

## II. Law and Analysis

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. *See* 28 U.S.C. § 1441 (2006). Here,  Defendant claims that removal to federal court is proper based upon 28 U.S.C. § 1332, diversity of citizenship and 28 U.S.C. § 1335, interpleader.  In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995).  Here, to establish jurisdiction under 28 U.S.C. § 1332, the removing party must prove that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of attorney fees and costs. *See* 28 U.S.C. § 1332 (2006).  Alternatively, to prove that jurisdiction lies under 28 U.S.C. § 1335 the removing party must prove that there is at least $500 in controversy, two or more adverse claimants are diverse as defined in section 1332 and that it has deposited such money or property into the registry of the Court. *See* 28 U.S.C. § 1335 (2006).

In the case at bar, US Bank, removed the case.  First, it claims that this Court has jurisdiction under 28 U.S.C. § 1332.  For the Court to have subject matter jurisdiction under 28

U.S.C. § 1332, all of the plaintiffs must be diverse from all of the defendants. US Bank states

that it is a citizen of Minnesota and that all of the plaintiffs are citizens of Louisiana.  Thus, there

is diversity of citizenship.

However, diversity jurisdiction also requires that there be at least $75,000 in controversy.

In a case where there are several plaintiffs and only one defendant, the amount  in controversy

requirement is satisfied if at least one of the plaintiffs has more than $75,000 in controversy

against the defendant.  The other plaintiffs can then attach their claims under the Court's

supplemental jurisdiction provided by 28 U.S.C. § 1367.  *See*, *Exxon Mobile Corp v. Allapattah*

*Services, Inc.*, 545 U.S. 546, 125 S. Ct. 2611, 162 L.Ed. 2d 502 (2005).  In the present case, there

are many plaintiffs and only one defendant.  The aggregate of the Plaintiffs' claims is greater

than $75,000, however, no one Plaintiff has a claim for more than $75,000.  The Plaintiffs'

complaint alleges amounts in controversy ranging from $1,500 to $27,456.53 and 25% of the

aggregate for Bruno, or $26,375.81.  Obviously, not one claim standing alone has the required

jurisdictional amount for diversity jurisdiction.  As a result, this Court lacks subject matter

jurisdiction under 28 U.S.C. § 1332 (2006).

US Bank also alleges that this Court has jurisdiction to hear the case under 28 U.S.C. §

1335.  Section 1335 of Title 28 of the United States Code provides jurisdiction in for

interpleader actions where $500 is in controversy, at least two of the adverse claimants are

diverse and the amount in controversy has been deposited with the registry of the Court.  *See*, 28

U.S.C. § 1335 (2006).  As discussed above the claimants are diverse and there is more than $500

in controversy.  However, the money at stake has not been deposited with the registry of this

Court.

There is a split among the circuits regarding whether or not the deposit of the amount at

stake with the registry of the Court is a prerequisite to jurisdiction under 28 U.S.C. § 1335.  The

Fifth Circuit and its District Courts have held that the deposit requirement is a prerequisite to

jurisdiction under 28 U.S.C. § 1335. *Murphy v. Travelers Ins. Co.*, 534 F. 2d 1155, 1159 (5th Cir.

1976); *McKeithen v. S.S. Frosta, et. al.*, 75 F.R.D. 7, 10 (E. D. La. 1977);  *Gardes Directional*

*Drilling v. U.S. Turnkey Exploration, Inc.*, 815 F. Supp. 956, 961 (W. D. La. 1993).   For

example, one Court recognized that the deposit requirement is the distinction between 28 U.S.C.

§ 1335 and Federal Rule of Civil Procedure 22 and would not let the case proceed under 28

U.S.C. § 1335 because the amount at stake had not been deposited with the registry of the Court.

*Life Ins. Co. of North America v. Nava*, 667 F. Supp. 279, 281 (M. D. La. 1987).  On the other

hand, some Courts, allow the stakeholder to cure the jurisdictional defect by depositing the funds

at stake with the court's registry at a later time.  *See, Travelers Ins. Co. v. Estate of Garcia*, 2003

WL 1193535, *4 (E. D. N.Y. 2003); *United States Fire Ins. Co. v. Asbestospray, Inc.*, 182 F. 3d

201, 210 n.4 (3rd Cir. 1998);  *General Accident Group v. Gagliardi, et. al.*, 593 F. Supp. 1080,

1086-87 (D. Conn. 1984).

This Court adheres to the precedent set in its Circuit.  Therefore, this Court holds that the

deposit of the amount in controversy is a prerequisite to jurisdiction under 28 U.S.C. § 1335.

## III. Conclusion

For the reasons set forth above,

IT IS ORDERED that the Plaintiff's Motion to Remand, is **GRANTED**.

New Orleans, Louisiana, this 30th day of August, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE